NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-126

JOHN DESHOTELS

VERSUS

NICHOLAS J. FONTENOT, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70563-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain,* Judges.

**AFFIRMED.**

Peter F. Caviness
Falgoust, Caviness & Bienvenu, L.L.C.
P. O. Drawer 1450
Opelousas, LA 70571-1450
(337) 942-5812
Counsel for Defendants/Appellees:
Louisiana Farm Bureau Casualty Ins. Co.
Nicholas J. Fontenot

---

* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**John Clyde Fontenot**
**Attorney at Law**
**P. O. Drawer H**
**Ville Platte, LA 70586**
**(337) 363-5535**
**Counsel for Plaintiff/Appellant:**
**John Deshotels**

**GREMILLION, Judge**.

The plaintiff-appellant, John Deshotels, appeals the judgment of the trial court in favor of the defendants-appellees, Nicholas J. Fontenot and his insurer, Louisiana Farm Bureau Casualty Insurance Company, granting their motion for involuntary dismissal. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Deshotels filed a "Suit for Damage + Pain + Further Disable Driver" in proper person in March 2009. He attached to that document the Uniform Motor Vehicle Traffic Crash Report issued by the Louisiana State Police. Deshotels alleged that on August 16, 2008, Fontenot rear-ended his 1986 Chevrolet resulting in damage to the vehicle and injury to himself. Farm Bureau filed a declinatory exception of insufficiency of citation and service of process, because Deshotels attempted to effect service through Farm Bureau's local office. Farm Bureau also answered the petition, reserving all rights under its exception. Deshotels filed an "Answer to Declinatory Exception." In July 2009, Deshotels filed a "Motion to Set Trial." Farm Bureau filed a motion for leave of court to file supplemental and/or amending answer and, thereafter, filed the same. Farm Bureau also filed a motion to schedule a hearing on the exception.

The next documents to appear in the record are Deshotels' "Answer to Interrogatories," "Answer to Declinatory Exception," and "Answer to Motion for Leave Court to File Supplemental and/or Amending Answer." The trial court rendered a judgment maintaining the exception in favor of Farm Bureau and ordering Deshotels to properly serve Farm Bureau. Deshotels filed an "Answer to Judgment of Exception." The exception was heard on August 31, 2009, and maintained.

1

However, Deshotels cured the deficiencies by requesting appropriate service in his "Answer to Declinatory Exception."

The matter was scheduled for trial in December 2009. Following Deshotels' presentation of his evidence, Farm Bureau moved for involuntary dismissal pursuant to La.Code Civ.P. art. 1672(B), which the trial court granted, finding that Deshotels failed to show a right to relief and failed to prove his case by a preponderance of the evidence. Deshotels, who is now represented by counsel, appeals and assigns as error:

1. The trial court manifestly erred in dismissing his case under La.Code. Civ.P. art. 1672(B).

2. The trial court manifestly erred in excluding Fontenot's traffic ticket when defense counsel did not object to the offer.

## DISCUSSION

Louisiana Code of Civil Procedure Article 1672(B) states:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

"The trial court is granted much discretion in determining whether to grant an involuntary dismissal." *Boone v. Reese*, 04-979, p.5 (La.App. 3 Cir. 12/8/04), 889 So.2d 435, 438 (citing *Kite v. Carter*, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271). "The trial court's grant of an involuntary dismissal is proper if, after weighing and evaluating all of the evidence that has been presented by the plaintiff, the trial court determines that the plaintiff has failed to prove his claim by a preponderance

2

of the evidence." *Id.* at 439. The granting of an involuntary dismissal is reviewed under the manifest error standard of review. *Id.*

Deshotels established at trial that he and Fontenot were in a car accident and Fontenot had $5,300 worth of repairs to his vehicle. Deshotels testified that he was driving five miles per hour and was in the process of turning onto Prudhomme Lane when he was rear-ended. On the contrary, Fontenot testified during the presentation of Deshotels' case-in-chief that Deshotels was backing into the roadway when he rear-ended Deshotels' vehicle.

Deshotels testified that after "suffering" in "complete pain" over his "whole body," he went to see Dr. Tommy Fontenot. He further described experiencing extreme redness on his left ankle and extreme pain in his neck. He testified that he took hydrocodone for pain. However, he produced no bills for doctor visits or for medication.

This evidence is simply insufficient to prove Fontenot's negligence. The trial court did not manifestly err in its finding that Deshotels failed to establish his claim by a preponderance of the evidence. This assignment of error is without merit.

Deshotels further argues that the trial court erred in refusing to allow him to introduce the traffic ticket Fontenot received following the accident. It is well established in the law that in a civil case a traffic citation is inadmissible to show that a party was charged with a traffic violation. *Maricle v. Liberty Mut. Ins. Co.*, 04-1149 (La.App. 3 Cir. 3/2/05), 898 So.2d 565. Accordingly, this assignment of error is also without merit.

**CONCLUSION**

The judgment of the trial court granting Nicholas J. Fontenot and

3

Louisiana Farm Bureau Casualty Insurance Company's motion for involuntary dismissal is affirmed. All costs of this appeal are assessed against the plaintiff-appellee, John Deshotels.

**AFFIRMED.**